UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:22-cv-1790-DAD-EFB (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff has filed a complaint alleging numerous violations of his civil rights (ECF No. 1) as well as a motion for injunctive relief (ECF No. 8). Plaintiff also filed a motion for leave to proceed in forma pauperis (ECF No. 2) but subsequently paid the filing fee. As discussed below, plaintiff's motion for leave to proceed in forma pauperis is denied as moot, his complaint is dismissed with leave to amend, and it is recommended that his motion for injunctive relief be denied.

<u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Screening Order

Plaintiff's complaint cannot survive screening because it violates Rule 8. A sufficiently plead complaint under Rule 8 must "put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Read together, the two captions of plaintiff's complaint list the following defendants: California Department of Corrections; Office

of Inspector General; Healthcare-POP; Office of Internal Affairs; the State of California; Prison Law Office; Coleman; State of California Department of Justice (Xavier Becerra); Rosen, Dien, Galvan, & Grunfeld, LLP; Office of Internal Affairs; and California Correctional Health Care Service. ECF No. 1 at 1, 2. While the captions identify mostly institutional and supervisory defendants, the body of the complaint refers to dozens of specific individuals who are not identified as defendants, but who are the alleged violators of plaintiff's civil rights. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Rule 8 requires that a complaint provide defendants with fair notice of the claims against them. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Here, the defendants identified in the complaint's captions are not clearly linked to plaintiff's claims and none of the individuals named in the body of the complaint are identified as defendants. Thus, it is confusing as to who plaintiff intends to sue through this action. Further, the conclusory nature or plaintiff's allegations and how, if at all, each individual was directly responsible for any violation of plaintiff's rights, convinces the court that the complaint does not put defendants on notice of the claims against them.

The complaint also fails screening because it improperly joins unrelated claims in a single lawsuit. Plaintiff complains of wide-ranging civil rights deprivations (including, among others, the denial of the right to marry, a lack of basic necessities, due process violations in disciplinary proceedings, excessive force, mail interference, property issues, threats to his safety, problems accessing the court, interference with religion, denial of medical care, and retaliation). *See, e.g.,* ECF No. 1 at 8, 15. The settings for these alleged deprivations are spread out across eight separate prisons on unspecified dates. *See generally* ECF No. 1 at 1, 3, 4 (identifying Salinas Valley State Prison, Kern Valley State Prison, North Kern Valley State Prison, California Medical Facility, California State Prison Sacramento, Wasco State Prison, California Men's Colony, and California Health Care Facility as the institutions where the alleged violations occurred). The Federal Rules of Civil Procedure do not allow a claimant to raise unrelated claims against different defendants in a single action. Instead, a plaintiff may add multiple parties where the asserted right to relief arises out of the same transaction or occurrence and a common question

of law or fact will arise in the action. *See* Fed. R. Civ. P. 20(a)(2). Unrelated claims involving different defendants must be brought in separate lawsuits.[1]

To the extent plaintiff intends to bring this action on behalf of himself and his fiancé, Fidella D'Angel Armijo, the court cautions him that he may not bring this action on behalf of anyone other than himself. *See* ECF No. 1 at 8 (identifying Armijo as a co-plaintiff in document directed to the Sacramento County Superior Court). Pro se litigants have no authority to represent anyone other than themselves; therefore, they lack the representative capacity to file motions and other documents on behalf of others. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself,'") (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)); *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity).

Leave to Amend

Plaintiff may choose to file an amended complaint that complies with the Federal Rules of Civil Procedure and states a cognizable claim. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

/////

---

[1] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d at 607. Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

<u>Motion for Injunctive Relief</u>

Plaintiff also seeks injunctive relief. ECF No. 8. However, he fails to meet the minimum threshold for merit to satisfy the standard for a preliminary injunction.[2] At an irreducible

---

[2] A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964). The moving party must prove that he is likely to succeed on the merits, "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

minimum, he must demonstrate that there is at least a fair chance of success on the merits. *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir. 1995); *Sports Form, Inc. v. United Press International*, 686 F.2d 750, 753 (9th Cir. 1982). As discussed above, his complaint must be dismissed and at present he has shown no likelihood of success on the merits of any claim. Accordingly, plaintiff's motion for injunctive relief must be denied.

## Order and Recommendation

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is DENIED as moot.
2. The complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order. Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

Further IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 8) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 5, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).