UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS,<br><br>  Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>  Defendants. | No. 2:22-cv-01790-DAD-EFB (PC)<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. After dismissal of the original complaint pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended complaint, which the court must screen.[1]

Screening Order

Plaintiff's amended complaint alleges that he has been denied the right to marry for no legitimate reason. ECF No. 14 at 3. While most of the allegations are too vague and conclusory to establish a violation of this right, the complaint does set forth sufficient detail to state a

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

potentially cognizable claim against defendant Ebert. According to plaintiff, a judge has issued an order allowing him a day pass in order to marry his fiancé. *Id.* at 8. As best the court can tell, plaintiff and his fiancé made it the Solano County courthouse to be married, but were turned away by the clerk. *Id.* at 4. The Clerk informed plaintiff that his paperwork could not be processed because defendant Ebert, a correctional counselor at the California Medical Facility, did not sign it. *Id.* Plaintiff alleges that defendant Ebert did so deliberately so as to deny plaintiff his right to marry. *Id.* As relief, plaintiff seeks monetary damages and an order allowing him to be married. *Id.* at 5. Liberally construed, plaintiff alleges a potential violation of his Fourteenth Amendment right to marry. *See Turner v. Safley*, 482 U.S. 78, 95 (1987) (prisoners retain the right to marry, "subject to substantial restrictions as a result of incarceration").

The amended complaint includes allegations that defendant Rojas improperly processed plaintiff's administrative appeals regarding plaintiff's efforts to be married. ECF No. 14 at 4. These allegations cannot survive screening because any failure to properly process or respond to an administrative appeal does not violate due process, as there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). If plaintiff wishes to pursue a claim that Rojas also violated his Fourteenth Amendment right to marry, plaintiff must more clearly allege so in an amended complaint.

The amended complaint also suggests that unspecified individuals have interfered with plaintiff's right to marry in retaliation for his fiancé's conduct as a whistleblower. ECF No. 14 at 4, 7. Apparently, plaintiff's fiancé was at some point employed as a psychiatric technician at the California Health Care Facility and reported unspecified wrongs committed against plaintiff. *Id.* at 7. These allegations are not sufficient to establish a claim of retaliation in violation of the First Amendment. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The most glaring
/////

deficiency here is that the alleged protected conduct is that of plaintiff's fiancé, and not of plaintiff himself.

None of the remaining allegations show that any named defendant personally participated in denying plaintiff the right to remarry or otherwise violated his federal statutory or constitutional rights. Thus, plaintiff may either proceed with the Fourteenth Amendment right to marry claim against defendant Ebert only or he may amend his complaint to cure the deficiencies identified herein. He may not, however, change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff is not obligated to amend his complaint.

## Leave to Amend

Plaintiff may file an amended complaint to attempt to cure the deficiencies noted above. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Plaintiff is also instructed that any amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 14) alleges, for screening purposes, a potentially cognizable Fourteenth Amendment right to marry claim against defendant Ebert.

2. All other claims (including those against all defendants other than Ebert)[2] are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

3. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claim or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

4. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: March 10, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The defendants are not clearly captioned in the complaint but appear to include Ebert, the State of California, CDCR, CMF, Warden Cuevas, Vasquez, CSP-Sac, Meadows, and Rojas. *See* ECF No. 14 at 1, 2.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:22-cv-01790-DAD-EFB (PC)<br><br><br><br>NOTICE |

In accordance with the court's Screening Order, plaintiff hereby elects to:

    (1) _____   proceed only with the Fourteenth Amendment right to marry claim against defendant Ebert;

    OR

    (2) _____   delay serving any defendant and file an amended complaint.

 

_____
                                                               Plaintiff

Dated: