UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, et al.,<br><br>Defendants. | No.  2:22-cv-01790-DAD-EFB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 30) |

Plaintiff Benjamin Robert Gallegos is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 10, 2023, the undersigned issued an order adopting the assigned magistrate judge's findings and recommendations (Doc. No. 22) and dismissing all claims brought by plaintiff in this action except for plaintiff's Fourteenth Amendment right to marry claim against defendant Ebert.  (Doc. No. 29.)  On August 23, 2023, plaintiff filed the pending motion for reconsideration of the court's August 10, 2023 order.  (Doc. No. 145.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

1

evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Here, plaintiff's motion does not identify any basis under Rule 60(b) upon which this court should reconsider its order dismissing all of plaintiff's claims in this action except for the sole cognizable claim against defendant Ebert. Notably, as the court stated in that order, plaintiff had filed a notice of his intent to proceed only on the Fourteenth Amendment right to marry claim against defendant Ebert as alleged in his first amended complaint. (Doc. No. 22.) In his motion, plaintiff merely reiterates his allegations as alleged in his first amended complaint (Doc. No. 30); he does not articulate any basis for the court to reconsider its August 10, 2023 order.

Accordingly,

1. Plaintiff's motion for reconsideration (Doc. No. 30) is denied; and
2. This case is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **October 13, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE